**SO ORDERED.**

**SIGNED this 24th day of March, 2016.**





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PRUCRES, INC., | ) | Case No. 14-10284 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER DENYING CREDITOR MP PROPERTY PARTNERS – 90 ACRES, LLC's
MOTION TO DISMISS DEBTOR'S OBJECTION TO
CLAIM NO. 3 (Dkt. 246) and GRANTING DEBTOR'S MOTION
TO ALLOW CLAIM OBJECTION OUT OF TIME (Dkt. 258)**

Even when a confirmed plan of reorganization clearly sets a date for claims objections to be filed, in appropriate circumstances, the Court may entertain a late-filed claim objection where there has been excusable neglect. To determine whether the late objection is the product of excusable neglect, courts consider whether the claimant has been prejudiced, how long the delay lasted, why it occurred, and whether the objector has acted in good faith.

When Prucres filed this case on February 24, 2014, it scheduled MP Property Partners-90 acres, L.L.C.'s (MP) debt as "disputed." In its November 2014 plan, Prucres

1

claimed it owed MP nothing and telegraphed that it would object to MP's claim.[1] That objection should've been filed on June 30, 2015; instead it was filed 65 days later on September 3, a significant, but not damaging delay.[2] Prucres' counsel concedes that he did not calendar the 60-day objection deadline imposed by the plan, but he also says he suffered a concussion in a car wreck on June 26 and was out of the office for several weeks. Finally, though this case has had numerous ups and downs, nothing about debtor's failure to file a timely motion to extend the claims objection deadline suggests a lack of good faith. Counsel have been focused on selling the principal asset of the debtor, a process that has proven to be laborious and contentious. MP and Prucres dispute their respective percentages of interest in that asset under a Tenancy in Common Agreement. Discovery has closed in this (and the claims objection) dispute and on February 18, 2016 the matters were set for a May trial. A final pretrial order is due April 1.

Courts should resolve disputes on the merits when they can. MP has long known that Prucres disputes its liability on MP's claim. Very little prejudice attaches to allowing Prucres' untimely objection to be heard on the merits. MP's motion to dismiss Prucres' objection to its claim is therefore denied and Prucres' motion to allow claim objection out of time is granted.[3]

Facts

Sometime before Prucres filed this case, MP and Prucres entered into a Tenancy in Common Agreement under which they acquired a large tract of undeveloped real estate in Santa Clarita, California. Their respective interests in the land were to be determined by the provisions of that agreement. MP also loaned Prucres money, secured by a deed of trust on its tenancy in common interest. When MP's and Prucres' principals fell out, litigation ensued

---

[1] Dkt. 115. The plan was confirmed on May 1, 2015. Dkt. 162 (Confirmation Order).
[2] Dkt. 207.
[3] Debtor appears by its attorney Nicholas R. Grillot. Creditor MP Property Partners – 90 Acres, LLC appears by its attorney J. Michael Morris.

2

in California in May of 2013[4] and, in February of 2014, Prucres filed this chapter 11 case, scheduling MP's claim as unliquidated and disputed.[5] On March 20, 2014, MP filed its proof of claim.[6]

In November of 2014, Prucres filed its chapter 11 plan.[7] In ¶ 3.1 of the plan, it defined "Allowed Claim" as, among other things, one that has been timely filed and to which no objection has been filed "on or before the Distribution Date" or before another "applicable period of limitation fixed by the Bankruptcy Code or by an Order of the Court." Though capitalized, the term "Distribution Date" is not defined in the plan. In ¶ 21.1 of the Plan, the debtor proposed to object to claims within 60 days after the confirmation order. In ¶ 13.3, the plan provision dealing with MP's alleged secured claim, Prucres explicitly stated that it owed MP nothing and that it intended to object to MP's claim. The confirmation order at ¶ 29 incorporated the plan's terms and conditions.[8]

The plan was confirmed on May 1, 2015 and the confirmation order provided that a motion to sell the Santa Clarita land would be filed within 30 days.[9] That motion was filed on June 25, 2015.[10] On June 26, Prucres' counsel was in a car wreck and sustained a concussion that sidelined him for several weeks. Before that, however, he had not calendared the 60-day claim objection deadline. In July, MP's first lawyer withdrew and Mr. Morris entered the case on behalf of MP. Prucres filed its objection to MP's claim on September 3, 65

---

[4] I note that in MP's state court petition attached to Prucres' objection, it states a number of claims, but none based upon the note or deed of trust.
[5] Prucres also owns real estate in Wichita, Kansas.
[6] Proof of Claim No. 3.
[7] Dkt. 115.
[8] Dkt. 162.
[9] Dkt. 162, p. 11. The parties reserved their rights as to the sale proceeds and to MP's disputed secured claim.
[10] Dkt. 174. At a hearing on June 18, 2015 on the Debtor's motion for instructions regarding the sale and confirmation order (Dkt. 167), the Court ordered that a Motion to Sell be filed within 7 days.

3

days late.[11] That same day, Prucres filed a Motion for determination of the parties' rights to the Santa Clarita sale proceeds.[12] When MP responded on October 7, after receiving an unopposed extension of time to do so, current counsel raised the missed deadline as a defense to the claim objection.[13] On October 22, I directed the parties to file a Rule 26(f) Report of Parties Planning Meeting, which they did, and on November 18, I accepted the parties' proposed scheduling plan. Discovery had already begun and, even though the discovery deadline has now passed, the parties have agreed to and taken several depositions after its close. I set these matters for trial in May and await a pretrial order that will come due on April 1. On February 24, MP filed this Motion to Dismiss Prucres' objection to its claim.[14] After a brief scheduling hearing on March 3, Prucres filed a written response to that motion as well as its own motion for leave to object to MP's claim out of time.[15] MP replied to those papers.[16]

    The current pretrial schedule also controls the parallel dispute between Prucres and MP about the meaning of the Tenancy in Common Agreement and the extent of debtor's and MP's respective interests in the land and sale proceeds, a matter that must be resolved before I can authorize a distribution of the Santa Clarita sale proceeds.[17] In their pleadings on these motions, the parties agree that the sale has yet to be closed because, even though there is a cash buyer under contract, MP wishes to use the proceeds in an I.R.C. § 1031 exchange and believes it cannot allow the sale to close into escrow without running afoul of tax

---

[11] Dkt. 207.
[12] Dkt. 208.
[13] Dkt. 221. That same day, MP also responded to Prucres' related Motion for determination of rights in the sale proceeds. Dkt. 220
[14] Dkt. 246.
[15] Dkt. 258 and 259.
[16] Dkt. 261 and 262.
[17] *See* Dkt. 208 (Prucres' motion for determination of parties' rights and interests) and Dkt. 220 (MP response).

4

regulations.[18]

Analysis

For the purpose of these motions, I assume without deciding that the 60-day claim objection deadline provided for in ¶ 21.1 of the Plan binds the debtor and the parties under 11 U.S.C. § 1141(a). However, Fed. R. Bankr. P. 9006(b)(1) provides that the Court may, upon a showing of excusable neglect, relieve a party from missing certain deadlines that are specified "by these rules or by a notice given thereunder or by order of court" even when the movant seeks relief after the deadline has run. Here, the claims objection deadline was contained in the debtor's plan. But because the plan's terms and conditions were incorporated in the confirmation order, the objection deadline was provided "by . . . an order of the Court.[19] I therefore conclude that Rule 9006(b)(1) applies.

In the *Pioneer Investment* case, the Supreme Court set out a four factor test for courts to use in determining under Rule 9006(b)(1) whether a party's "neglect" was excusable.[20] Therefore, I consider (1) the danger of prejudice to MP of allowing the objection out of time; (2) the length of the delay in objecting to the claim; (3) Prucres' reasons for the delay; and (4) Prucres' good faith in requesting additional time. The excusable neglect inquiry is a broad, equitable one "to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization."[21] The facts set forth above support my

---

[18] 26 U.S.C. § 1031 (like-kind exchanges of investment property allow the tax on the gain from a sale to be deferred, if the sale proceeds are reinvested in similar property).
[19] *See* Dkt. 162, p. 10 ¶ 29. *In re Heartland Steel, Inc.*, 2003 WL 21508233 at *4-*5 (S.D. Ind. June 26, 2003) (construing whether objection deadline was a matter of contract or court order; confirmation order gives effect to all plan terms, substantive and procedural, and thus "prescribes or allows" them and Rule 9006 applies, disagreeing with *Ampace*), *aff'd* 389 F.3d 741 (7th Cir. 2004). *But* s*ee In re Ampace Corp.*, 279 B.R. 145, 151-52 (Bankr. D. Del. 2002) (mere attachment of chapter 11 plan to confirmation order did not incorporate the plan by reference into the confirmation order).
[20] *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (discussing claims bar date and late-filed claim in chapter 11 case).
[21] *In re Petroleum Production Management, Inc.* 240 B.R. 407, 413 (Bankr. D. Kan. 1999).

5

concluding that all four factors are met here.

Long before this chapter 11 case was filed, these parties have been embroiled in disputes about what Prucres owes MP and their respective interests in the Santa Clarita land. When this case was filed in February of 2014, the parties were in litigation in California state court. If MP had any doubt about its claim being in dispute, that doubt should've been resolved when Prucres scheduled its claim as "unliquidated and disputed." That's likely why MP filed a proof of claim.[22] MP sought stay relief and, as the parties agreed in an order resolving it, Prucres filed a plan in November of 2014. In that plan, Prucres stated plainly that it did not owe MP anything and that it planned to object to MP's claim.[23] MP has long had reason to be aware of Prucres' intentions. Though it preserved the timeliness defense in its October 7, 2015 response to Prucres' late objection, MP has had every opportunity to conduct discovery and engage in other pretrial activities. Indeed, MP did not file its motion to dismiss the claim objection until February 24, 2016, nearly five months after it initially raised the timeliness issue. There is no hint here that it has been prejudiced or surprised.[24]

The length of delay—65 days—is long, but is ameliorated by MP's previous knowledge of Prucres' complaints and contentions about its claim and the reasons for the delay. There are two: a calendar failure and a car wreck. The failure to calendar is inexcusable—debtor's counsel practices with a large law firm that boasts decades of expertise and experience in

---

[22] In chapter 11, a claim is "deemed filed" unless it is disputed in the schedules, *see* 11 U.S.C. § 1111(a) and Fed. R. Bankr. P. 3003(b)(1). If a claim is scheduled as disputed, the creditor must file a proof of claim, Fed. R. Bankr. P. 3003(c)(2), and if that claim is not objected to, it is again deemed allowed as filed unless an objection is filed. *See* 11 U.S.C. § 502(a).

[23] Dkt. 115, Plan, ¶ 13.3. The Plan did not include a detailed description of the merits of that objection.

[24] *See Matter of Southland Corp.,* 19 F.3d 1084, 1087 (5th Cir. 1994) (debtor's counsel's letter brief on objection to attorney fees claim satisfied writing and filing requirement of Fed. R. Bankr. P. 3007 and constituted a proper objection; no particular form of objection is required by Rule 3007); *In re 804 Congress, L.L.C.,* 529 B.R. 213, 221-22 (Bankr. W.D. Tex. 2015) (citing *Southland*).

6

this bankruptcy court. Had the deadline been properly calendared, one of counsel's many colleagues at the firm could have filed a timely objection or sought an extension of the deadline. But I must also consider that debtor's counsel was out of action for several weeks due to a concussion received in a serious car accident. During that time, the deadline in question passed. While it is a close call, I reluctantly conclude that the accident and concussion are circumstances beyond the debtor's counsel's control and that MP has not been prejudiced by the resulting delay.

Finally, there is no indication that Prucres laid in the weeds and only stated its objections to MP's claim at the last moment.[25] MP has always known of Prucres' objection. MP examined the debtor's principal as early as July of 2014 and certainly had an opportunity to explore why the debtor scheduled MP's claim as disputed. Indeed, MP waited nearly five months to seek dismissal of Prucres objection to its claim. Meanwhile, discovery proceeded on both the claim objection and the determination of each party's interest under the tenancy in common agreement. Neither party has involved the court in any discovery disputes. The matter is set for trial in a few weeks and both parties have made it clear that they need a prompt determination on the claim and the proportionate ownership interests to close the sale. Granting this relief under Rule 9006(b)(1) furthers the effort to resolve the fundamental dispute between them on its merits.

Conclusion

For these reasons, I GRANT the debtor's motion to object to MP's claim out of time (Dkt. 258) and DENY MP's motion to dismiss that claim objection (Dkt. 246). I remind counsel of the necessity of providing me with a final pretrial order not later than April 1, 2016. In the

---

[25] *Cf. In re Hyman Companies,* 497 B.R. 465, 471-74 (Bankr. E.D. Pa. 2013) (debtor's supplemental objection to claim raised a new basis for objection that was not previously asserted in its original objection to creditor's proof of claim and was time-barred by the claim objection deadline set by debtor in its plan).

7

interest of reaching the prompt decision that both parties seek, and to further the closing of the Santa Clarita sale, neither the pretrial order deadline nor the trial setting will be continued. Trial counsel **shall** appear in person at a final pretrial conference at 11:00 on April 21, 2016 in Room 150 and trial remains set for 9:00 a.m., May 4, 2016, in Room 150.

###